IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM RUFFING<br>98 Grant Drive<br>Holland, PA 18966<br><br>  Plaintiff,<br>  v.<br><br>QUALITY EXPRESS COFFEE &<br>VENDING SERVICE, INC.<br>1006 Branagan Drive<br>Bristol, PA 19007<br>  and<br>SCOTT WECHSLER<br>1006 Branagan Drive<br>Bristol, PA 19007<br>  and<br>EDWARD CELIESIUS<br>1006 Branagan Drive<br>Bristol, PA 19007<br>  and<br>STUART AUSTIN<br>1006 Branagan Drive<br>Bristol, PA 19007<br><br>  Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1. This action has been initiated by William Ruffing (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.). Plaintiff's employer, and each of the above-captioned owners, are personally

liable for failing to pay Plaintiff overtime compensation and knowingly misclassifying him to avoid such state and federal obligations. As a result, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Quality Express Coffee & Vending Service, Inc. ("Defendant QEC") is a commercial coffee delivery service, maker and distributor. Defendant operates from its headquarters in Bristol, Pennsylvania (at the above-captioned address).

8. Scott Wechsler, Edward Celiesius, and Stuart Austin (collectively "Defendant Owners") are: (a) executives of Defendant QEC; (b) owners of Defendant QEC; (c) daily operations managers of Defendant QEC; and (c) they oversee compensation and the terms and conditions of pay for their respective employees. These owners are being personally sued in their individual capacities and as to their own assets, irrespective of corporate liability.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.[1]

## IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Defendant QEC is a coffee producer, maker and distributor which has generally had between 15-25 employees depending upon business fluctuation (inclusive of its executive-owners). It's headquarters and warehouse are located in Bristol, Pennsylvania.

12. Plaintiff was employed with Defendant QEC for approximately 20 years until being furloughed effective on or about April 1, 2020 due to the COVID-19 pandemic. Plaintiff was informed of his permanent termination by Defendant QEC on or about September 30, 2020.

13. Because Plaintiff was one of the few employees not returned at age 63 and shortly after requiring various medical accommodations, Plaintiff felt compelled to explore his legal rights as he felt discriminated against as to his termination from employment. While exploring

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations). The regulations under state law are the same.

3

his health and age discrimination concerns, Plaintiff learned that Defendants had been unlawfully failing to pay him overtime compensation (prompting the instant lawsuit).

14. There is simply no viable argument that Plaintiff could plausibly meet any exemption under state or federal overtime laws. Plaintiff had been paid a salary of $2,210.00 on a bi-weekly basis (or in other words, payroll in that gross sum every 2 weeks). And Defendant Owners who managed Plaintiff daily and oversaw his compensation, did at times refer to Plaintiff as a "manager." But Plaintiff *never met and could not have* met any "executive" exemption to be precluded from overtime compensation.

15. State and federal laws do exempt employees who meet the "executive" exemption from overtime entitlements. To meet such an exemption, the employee must be: (a) paid qualifying salary; and (b) perform "primary duties" that are executive management in nature. *See* 29 C.F.R. 541.100. More specifically, "an exempt 'executive' is any employee:"

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . ;
>
> ***(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;***
>
> ***(3) Who customarily and regularly directs the work of two or more other employees; and***
>
> ***(4) Who has the authority to hire or fire other employees . . .***
>
> *See Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*), 2012 U.S. Dist. LEXIS 101095, at *66 (W.D. Pa. 2012), citing, 29 C.F.R. § 541.100(a).

16. While Plaintiff was paid a qualifying salary, he <u>never</u> performed "primary duties" of executive management. Plaintiff's typical workday consisted of the following:

 (A) He generally made at least 200-300 telephone calls per day, every day. The calls consisted of him calling delis, convenience stores, and customers. Plaintiff repeated the same opening dialogue with every customer, "This is Bill from [Defendant]" . . . checking to see if you want / need to order coffee.

 (B) Plaintiff would document whatever order a customer desired to make and perform data entry entering the order in Defendants' computer system.

 (C) After taking every possible new order, Plaintiff pulled product from shelves, stocked skids, and got everything ready for truck drivers to load the products onto trucks.

 (D) When new products were delivered from vendors, Plaintiff unloaded the trucks at least twice per week.

 (E) The balance of Plaintiff's duties required him to spend a large part of his day packing boxes to ship orders (such as through UPS) and then getting them ready for shipping to customers.

17. Although at times referred to at times as a "manager," Plaintiff **<u>did not</u>**:

 (A) Hire anyone;

 (B) Discpline anyone;

 (C) Evaluate anyone;

 (D) Terminate anyone;

 (E) Give pay increases or compensation;

 (F) Create, draft, or prepare company policies;

 (G) Approve or disapprove of requested vacation, PTO, or any other time off; or

 (H) Have any authority to sign contracts with vendors or other third parties for products or services.

18. The undeniable reality is Defendants called Plaintiff a "manager" on occasion and paid him a salary to knowingly exploit him because unfortunately the majority of blue-collar

workers (and laborers) have the common misunderstanding or misperception that if they are paid a salary, they must not be entitled to overtime pay.

19. The primary duties of Plaintiff's job entailed him providing manual labor of loading, unloading, packing, stocking, and picking orders. Plaintiff was a laborer for Defendants.[2]

20. The additional primary duties of Plaintiff's job entailed him making hundreds of calls to customers to take new orders. This was pure clerical and data-entry work. To the extent that Defendants attempted to even feign Plaintiff's routine, redundant order-taking could even rise to the level of sales work, it would still be non-exempt work performance.[3]

21. Plaintiff was a telephone order-taker and laborer, period. To the extent that Plaintiff answered questions of drivers or was contacted while they were on routes at times as a negligible aspect of his job – such duties are also totally non-exempt.[4] In fact, Plaintiff was able

---

[2] *See e.g. Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1269 (11th Cir. 2008)(affirming $35,000,000 verdict against the defendant because a class of store managers performed primary duties of non-management including stocking, cashier work, etc…); *Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig*.), 2012 U.S. Dist. LEXIS 136252 (W.D. Pa. 2012)(denying summary judgment and explaining a jury could readily conclude employee titled "manager" who performed mostly sales and other labor had "primary duties" other than management); *Marshall v. Coastal Group Management*, 1980 U.S. Dist. LEXIS 11704 (D.N.J. 1980)(reaffirming the denial of summary judgment as to managers explaining they spent most of their time prepping food, cooking, handling customers, working the cash register and cleaning finding assertions of the "executive exemption" to be "untenable").

[3] *Hickton v. Enter. Rent-A-Car Co. (In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig*.), 2056, 2012 U.S. Dist. LEXIS 101095, at *72 (W.D. Pa. 2012)(any work performed from an employer's workplace in sales is inside sales and clearly non-exempt under the FLSA; and moreover, making calls throughout the day is not an exempt managerial duty under 29 C.F.R. § 541.102).

[4] Even full-time workplace route dispatchers are well known to work in non-exempt roles. *See Marshall v. National Freight, Inc.*, 1979 U.S. Dist. LEXIS 9989 (D.N.J. 1979)(dispatcher cannot meet executive exemption and held not to meet administrative exemption); *Sehie v. City of Aurora*, 432 F.3d 749 (7th Cir. 2005)(summary judgment granted for dispatcher as to FLSA claims); *Iaria v. Metro Fuel Oil Corp*., 2009 U.S. Dist. LEXIS 6844 (E.D. N.Y. 2009); *Alvarez v. Key Transp. Transp. Svc. Corp*., 541 F. Supp. 2d 1308 (S.D. Fla. 2008); *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005)(dispatcher is clearly not exempt from overtime requirements).

to perform his entire job remotely when he was on various medical leaves further evidencing his non-executive role.

22.     Referring to Plaintiff occasionally as a "manager" was an intentional, knowing, and fraudulent attempt on the part of Defendant Owners to evade state and federal overtime obligations. Plaintiff's title occasionally stated by Defendants lacks any relevance whatsoever under applicable law(s).[5]

23.     As a matter of fact, and law, Defendants are unable to set forth any contrary facts that Plaintiff could plausibly be construed to meet an "executive exemption" under state or federal laws.[6]

24.     Plaintiff averaged working 50-55 hours per week for Defendants throughout his tenure until the Covid-19 pandemic commencing in the February-April 2020 timeframe (wherein his overtime gradually decreased).

---

[5] *See* 29 C.F.R. § 541.2 Job titles insufficient: "**A job title alone is insufficient to establish the exempt status** of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary **and duties meet the requirements of the regulations in this part**." (Emphasis added). *See also Marshall v. Nat'l Freight, Inc.*, 1979 WL 1977, at *10 (D.N.J. 1979)(explaining that although accounts payable supervisor had a complex and laborious job, he was non-exempt because the majority percentages of his daily duties involved processing transactions and document review pursuant to company guidelines); *Shultz v. A.E. Burgess Co.*, 1970 WL 668, at *4 (N.D. Ala. 1970)(field office manager was non-exempt under FLSA because the majority of his time was spent on non-exempt duties); *Roberts v. Nat'l Autotech, Inc.*, 192 F. Supp. 2d 672, 675 (N.D. Tex. 2002)(granting summary judgment to the plaintiff, a store manager, because the majority if his time was spent doing non-exempt types of job duties making the managerial or administrative exemptions inapplicable under the FLSA); *Oliva v. Infinite Energy Inc.*, 2012 WL 11868265, at *8-9 (N.D. Fla. 2012)(granting summary judgment to delinquent account overseers because the majority of their job was calling upon debtors and collecting documents which are non-exempt duties, making that their "primary duty").

[6] The FLSA exempts from its overtime provisions "any 'employee in a **bona fide** executive . . . capacity.'" *Soehnle v. Hess Corp.,* 399 F. App'x 749, 750 n.1 (3d Cir. 2010)(quoting 29 U.S.C. § 213(a)(1)). In light of the broad remedial purpose of the FLSA, exemptions are narrowly construed against the employer. *Madison v. Resources for Human Dev., Inc.*, 233 F.3d 175, 183 (3d Cir. 2000). Plaintiff could not qualify as an executive under any national jurisprudence interpreting the FLSA, particularly in light of such exemptions being so narrowly construed against employers.

25. State and federal laws permit Plaintiff to recover unpaid overtime for a period of 3 years. Plaintiff's 3-year lookback is therefore from October 15, 2017 through October 15, 2020. Because Plaintiff did not work after April 1, 2020, his 3-year look-back period includes 128 weeks.

26. Defendant only identified that Plaintiff worked for "80.00" hours on every bi-weekly payroll check, regardless of Plaintiff working 100-110 hours per payroll period.

27. Plaintiff's overtime rate should have been (at time and one half), at least $41.50 per hour. Even assuming Plaintiff only worked an average of 10 hours of overtime per week, in a 128-week lookback, Plaintiff would be owed over $53,000.00. And this is a baseline, as Plaintiff often worked in excess of 10 hours per week of overtime.

28. Consistent with Defendants' unlawful classification of Plaintiff as an exempt employee, Defendants made **no effort** to abide by local, state or federal laws mandating employee recordkeeping as to hours or days worked.[7]

29. Plaintiff is *automatically* entitled to liquidated damages for Defendants' actions as outlined in this Complaint, entitling him to over $100,000.00 in unpaid overtime alone.[8] Such

---

[7] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted as an employee should not be prejudiced by an employer's failure to follow legal obligations. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

damages are in addition to mandatory legal fees and other applicable damages under state and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

## Count II
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[8] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA; *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

33. Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute violations of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, benefits, pension or other employee perks, and other applicable compensation;

C. Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D. Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E. Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G. Plaintiff is permitted to have a trial by jury.

        Respectfully submitted,

        **KARPF, KARPF & CERUTTI, P.C.**

        _____
        Ari R. Karpf, Esquire
        3331 Street Road
        Building 2, Suite 128
        Bensalem, PA 19020

Dated: October 15, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

William Ruffing                                    :        CIVIL ACTION
                     v.                            :
Quality Express Coffee & Vending Service, Inc., et al. :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X)

| 10/15/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __98 Grant Drive, Holland, PA 18966__

Address of Defendant: __1006 Branagan Drive, Bristol, PA 19007__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/15/2020__   _(signature)_   __ARK2484 / 91538__
         *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[X] 6. Labor-Management Relations
[ ] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __10/15/2020__   _(signature)_   __ARK2484 / 91538__
         *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RUFFING, WILLIAM

**DEFENDANTS**
QUALITY EXPRESS COFFEE & VENDING SERVICE, INC., ET AL

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | [X] 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise |  / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  |  | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** |  | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  |  | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General |  |  |  |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | / 555 Prison Condition |  |  |  |
|  | / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/15/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE